UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**JOHN BRADLEY WHITE,**
    Plaintiff,

v.

**CHERI PILKINGTON, et al.,**
    Defendants.

**Case No. 4:24-cv-607-CLM**

## MEMORANDUM OPINION

    Pro se plaintiff John Bradley White sues several Alabama state officials, asserting that his rights were violated when his parental rights were terminated and his son was adopted by another. The magistrate judge previously assigned this case granted White in forma pauperis status and screened his complaint under 28 U.S.C. § 1915(e)(2)(B). (Doc. 4). The magistrate judge's order noted four deficiencies with White's complaint: (1) White's complaint did not adequately set forth the facts; (2) White did not explain what conduct the defendants engaged in that could have violated his rights; (3) White did not allege facts against Judges Edwards and Friday that would overcome Eleventh Amendment and judicial immunity; and (4) this case is likely barred by the applicable statute of limitations. (*Id.*).

    White then filed an amended complaint that did not correct the pleading deficiencies that the magistrate judge identified. (Doc. 6). So the magistrate judge directed the Clerk of Court to reassign this case to a district judge. (Docs. 7 & 8). After this case was reassigned to me, White filed a second amended complaint. (Doc. 9).

    Having reviewed the record, White's second amended complaint, and the objections in White's second amended complaint to the magistrate judge's orders, the court finds that White's second amended complaint fails to state a claim upon which relief can be granted. White has twice amended his complaint and has still failed to adequately set forth any specific facts that might state a claim for relief. And White's second amended complaint, like

his first amended complaint, does not substantively address many of the issues the magistrate judge identified, including his need to explain each defendant's role in violating his rights and how he alleges facts against Judges Edward and Friday that would overcome Eleventh Amendment and judicial immunity.

The court will thus enter a separate order dismissing this case under 28 U.S.C. § 1915(e).

**Done** and **Ordered** on August 26, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE